# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Neiman Timms, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-1779 |
| Ayvaz Pizza, LLC,<br>    Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Ayvaz Pizza, LLC ("Ayvaz" or "Defendant") has a business plan that includes hiring workers on a salary basis, paying them overtime pay on a fluctuating workweek basis when it benefits the company, and paying them on an hourly basis when it does not. Ayvaz does this in order to reap the benefit of paying reduced amounts of overtime pay when it is legally impermissible. Ayvaz's illegal allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Neiman Timms ("Timms" or "Plaintiff") is one of many employees hired by Ayvaz on a salary basis and paid improperly. Timms brings this lawsuit on his own behalf and on behalf of his former co-workers against Defendant to recover the full unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Timms worked for Ayvaz as a salaried employee from September of 2021 until April of 2022. When he went to work for the Defendant, Ayvaz informed Timms that he could expect to work as many as 50 hours per week.

2. During the time he worked for the Defendant, Timms regularly worked more than 40 hours per week, and sometimes worked more than 80 hours per week.

3. Defendant paid Timms on a salary basis. Defendant ostensibly paid Timms overtime pay on a "fluctuating workweek" basis. Under the fluctuating workweek method of payment, in each week that a non-exempt salaried employee performs any work for the employer, an employer is required to pay the employee a set salary for all hours worked, whether more or less than 40 hours. If the employer does this and the employee works more than 40 hours, then it is entitled to pay the employee "half-time" overtime based on the effective hourly rate the employee earns each week instead of time-and-a-half overtime. This is a significant savings for the employer.

4. During those weeks that Timms worked more than 40 hours per week, Ayvaz paid him overtime pay on a half-time basis. However, during the few weeks that Timms worked less than 40 hours, Ayvaz paid Timms on an hourly basis for the hours he worked, based on his 40-hour-per-week hourly rate instead of paying him his full weekly salary.

5. Timms worked with many other individuals who were paid on a salary basis and who were paid overtime on a one-sided fluctuating workweek basis, that is, when it benefitted the Defendant. When those non-exempt salaried employees worked less than 40 hours, they were, like Timms, not paid their full salary.

**Allegations Regarding FLSA Coverage**

6. Defendant Ayvaz Pizza, LLC is a Delaware limited liability company with its headquarters in Sugar Land, Texas, and is covered by and subject to the overtime requirements of the FLSA.

7. During the time that Timms worked for Ayvaz, Defendant was an enterprise

engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During the time that Timms worked for Ayvaz, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. During the time that Timms worked for Ayvaz, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During the time that Timms worked for Ayvazdant, Defendant's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

**Plaintiff's Claims**

11. In order to be legally entitled to pay Timms and his non-exempt salaried co-workers on a fluctuating workweek basis at a half-time overtime rate, Ayvaz is required to follow the applicable FLSA regulations.

12. Ayvaz did not follow the applicable FLSA regulations with regard to Timms but instead paid Timms reduced pay based on the number of hours worked instead of his full salary in weeks that he worked less than 40 hours.

13. While Timms worked for Ayvaz, the company also did not pay other non-exempt salaried employees their full salary in weeks they worked less than 40 hours

14. Upon information and belief, Ayvaz continues to improperly pay non-exempt

salaried employees overtime pay on a half-time basis.

15. Ayvaz reaps a significant benefit by paying employees on a half-time basis for overtime hours worked, paying a third of what the company would pay at a time-and-a-half rate.

16. Ayvaz also did not pay Timms for all the hours that he worked in some weeks that he worked more than 40 hours.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Full Overtime Wages Owed**

17. Defendant violated the FLSA by improperly paying Timms and other non-exempt salaried employees ("Similarly Situated Workers") half-time overtime pay for hours worked over 40 per workweek.

18. Because Ayvaz did not comply with the FLSA's fluctuating workweek requirements, Ayvaz was not entitled to pay Timms and the Similarly Situated Workers on a half-time basis.

19. Timms and the Similarly Situated Workers have suffered damages as a direct result of Defendant's illegal actions.

20. Ayvaz is liable to Plaintiff and the Similarly Situated Workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

**Collective Action Allegations**

21. The Defendant's failure to pay its non-exempt salaried employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances or even the job duties of the Similarly Situated Workers; that is, improperly paying Timms and other non-exempt salaried employees half-time overtime pay for hours worked over 40 per workweek. This generally applicable policy is prohibited by the FLSA.

Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

22. The class of similarly situated Plaintiffs is properly defined as:

**All non-exempt salaried employees who are/were paid overtime pay on a fluctuating workweek basis by Defendant Ayvaz Pizza, LLC during the three-year period preceding the filing of this Complaint.**

### Violation of the FLSA – Failure to Pay for All Hours Worked

23. In at least one workweek that Timms worked more than 40 hours, Ayvaz did not pay him for all the hours that he worked and submitted. This is a violation of the FLSA and caused Timms damages. Timms seeks to recover the unpaid overtime he is owed, at a time-and-a-half rate, plus liquidated damages, attorneys' fees and costs.

### Defendant, Jurisdiction, and Venue

24. Defendant Ayvaz Pizza, LLC is a Delaware limited liability company and an "employer" as defined by the FLSA. Ayvaz may be served through its registered agent, Corporation Service Company dba CSC Lawyers - Incorporated at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

25. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

26. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff Neiman Timms and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all salaried employees who were paid overtime pay on a half-time basis by Ayvaz Pizza, LLC. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the opt-in plaintiffs' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF NEIMAN TIMMS**